[No. 18865. Department Two. April 28, 1925.]

## FRED LOW, *Respondent,* v. J. A. CLARK *et al., Appellants.*[1]

CONTRACTS (46)—LEGALITY OF OBJECT AND CONSIDERATION—PREVENTION OF COMPETITION IN TRADE. Where the holder of a certificate of public convenience and necessity for hauling freight sells out his equipment and "all hauling" on the route covered by, and agrees not to engage in business conflicting with, the certificate, there is a sale of the good will of the business, barring the seller from engaging in private hauling for hire over the same route, even though such hauling did not require a certificate of convenience pursuant to Rem. Comp. Stat., § 6387.

Appeal from an order of the superior court for King county, Hall, J., entered May 22, 1924, granting a temporary injunction, after a hearing on an order to show cause. Affirmed.

[1]Reported in 235 Pac. 9.

*Tucker, Hyland & Elvidge* and *Mary H.. Alvord,* for appellants.

*Poe, Falknor, Falknor & Emory,* for respondent.

MITCHELL, J.—This is an appeal from a decree temporarily enjoining appellants from transporting and hauling goods, merchandise or freight of whatever description between Seattle and Auburn, or over any portion of the route.

Substantially the facts are that, on December 20, 1923, and for several years prior thereto, the appellants, who were and are engaged in the transportation and storage business at Auburn, conducted a freight service by motor propelled vehicles between Seattle and Auburn, under a certificate of public convenience and necessity, No. A. 78, issued by the department of public works. On that day, with the consent of the department, they sold and assigned their rights to and under the certificate to the plaintiff, respondent, Fred Low. At the same time and for and as a part of the same consideration, they sold and delivered to respondent two motor trucks, $3,750 worth of auto freight depot stock, and "all hauling on Seattle Auburn route covered by certificate No. A. 78." Also, at the same time and as a part of the same transaction and consideration, by agreement reduced to writing, it was understood that "they (appellants) will not enter into business conflicting with certificate No. A. 78." The respondent took possession of the property and has used the route in conducting a freight business under the law and the regulations of the department of public works.

In 1924, the appellants transported from Seattle to Auburn, by motor propelled trucks, goods in amounts and on dates as follows: April 9, several truck loads; April 21, two truck loads; April 22, two truck loads;

April 23, one truck load; April 24, two truck loads. This action was commenced on April 30, 1924, for injunctive relief and damages. On the hearing of an order to show cause why a temporary injunction should not issue, it was shown that still other goods, amounting to thirteen tons, had been transported by the same means from Seattle to Auburn by the appellant on May 9. All of such transportation was for hire.

It is the contention of the appellants that their acts of transportation complained of were done under private contracts, and were permissible under the provisions of ch. 96, Laws of 1921, p. 251 (Rem. Comp. Stat., § 6312), "An Act relating to the use of the public highways and the rights and remedies of persons thereon, providing for the licensing of motor vehicles and collecting, distribution and expenditure of fees therefor, fixing penalties, etc." They further contend that such acts of transporting freight were not done pursuant to any right under ch. 111, Laws of 1921, p. 338 (Rem. Comp. Stat., § 6387), which requires a certificate of public convenience and necessity to operate for the transportation of persons or property for compensation between fixed termini or over a regular route, which latter kind of service only they claim is prohibited by the restrictive covenants in the written agreement between the parties, and as they make affidavit was the understanding between them at the time the sale and written agreement were made.

But we think the controversy between these parties must be determined both as to what the understanding was and the effect of it by the terms of the writing. It is not a case of what the law says as to the use that may be made of the public highways by one who owns a licensed truck, but it is a case of what the appellants, for a valuable consideration, agreed not to do. The writing does not say that the appellants covenant

not to engage in hauling freight between Seattle and Auburn as a regular route, but it says and admits that they have sold "all hauling on Seattle Auburn route covered by certificate No. A. 78." That is equivalent to a sale of good will of the appellants in the business of transporting freight over the Seattle Auburn route.

Again, the writing says that the appellants "will not enter into business conflicting with certificate No. A. 78." The language is both plain and comprehensive. The goods that were transported by the appellants were carried by motor propelled trucks. Under the certificate that had been sold to the respondent, he had the right and, with equipment purchased from appellants, was not only holding himself out but actually engaged in that kind of transportation between those two places, as a regular route. Manifestly the respondent was deprived of all opportunity to get the transportation complained of because the appellants, engaged in the business of so-called private contract, performed the services. To deprive one of the opportunity to procure business that is recognized and regulated by statute, by doing the service yourself in spite of your good will and agreement to the contrary, is to engage in business conflicting with that one's rights.

Whether considered from the viewpoint of a sale of the good will of appellants' business, or the more positively asserted obligation not to engage in conflicting business, or both, the testimony shows that there were continuous breaches by the appellants of the agreement under circumstances that fully warranted the temporary injunction.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.